FILED

16 MAR 18 PM 12:18

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACK DUNIGAN, )
)
   Plaintiff, )
)
v. ) No.
) 2:16-cv-215-FtM-29CM
CENTRAL CREDIT SERVICES, LLC, )
)
   Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, JACK DUNIGAN ("Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, CENTRAL CREDIT SERVICES, LLC, ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Fort Myers, Lee County, Florida.
7. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.
8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.
9. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.
10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
11. Defendant is a collection agency headquartered in Jacksonville, Duval County, Florida.
12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.
13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.
14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.
17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around April 2015, Defendant began placing collection calls to Plaintiff's home telephone at 239-599-42xx in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 239-677-4670, which is one of Defendant's telephone numbers.

22. On or around July 13, 2015, Plaintiff spoke with one of Defendant's collection agents and told Defendant to stop calling him.

23. During the aforementioned conversation, Plaintiff also told Defendant to only contact him by mail.

24. Despite Plaintiff's request, Defendant continued to call Plaintiff in an attempt to collect on the alleged debt.

25. Specifically, Defendant called Plaintiff again on July 17, 2015 at 10:44 a.m.

26. On more than one occasion, Defendant has left voicemail messages requesting that Plaintiff call Defendant back at 888-504-1268, which is also one of Defendant's telephone numbers.

27. Some of Defendant's voice messages do not inform Plaintiff that Defendant is calling from CENTRAL CREDIT SERVICES, LLC.

28. Some of Defendant's voice messages do not state that the communication is an attempt to collect a debt.

29. On more than one occasion, Plaintiff requested the name of the company Defendant's

3

collectors were calling from, and Defendant's collectors refused to identify the name of the company.

30. Defendant's collectors are familiar with the FDCPA.

31. Defendant's collectors that spoke with Plaintiff were working within the scope of their employment when communicating with Plaintiff in an attempt to collect on the debt.

32. Defendant's collectors that spoke with Plaintiff know the FDCPA requires debt collectors to identify the company's name when communicating with Plaintiff.

33. Defendant's collectors that spoke with Plaintiff know that the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to call Plaintiff despite Plaintiff's request for Defendant to stop calling;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number when Defendant continuously placed phone calls to Plaintiff's home phone trying to collect an alleged debt;

    c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant communicated with Plaintiff and failed to state that call was from CENTRAL CREDIT SERVICES,

   LLC; and

   d. Defendant violated §1692e(11) of the FDCPA by failing to advise a consumer in all subsequent communications that Defendant is a debt collection, when Defendant communicated with Plaintiff and failed to state that the communication was an attempt to collect a debt.

WHEREFORE, Plaintiff, JACK DUNIGAN, respectfully requests judgment be entered against Defendant, CENTRAL CREDIT SERVICES, LLC, for the following:

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

37. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Plaintiff repeats and realleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39. Defendant violated the FCCPA based on the following:

   a. Defendant violated §559.72(7) of the FCCPA by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family, when Defendant continued to call Plaintiff despite Plaintiff's request for Defendant to stop calling;

   b. Defendant violated §559.72(15) of the FCCPA by refusing the provide adequate identification of herself or himself or her or his employer or other entity whom she

5

or he represents when requested to do so by a debtor from whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt, when Plaintiff requested the name of Defendant's company, and Defendant did not provide such information.

WHEREFORE, Plaintiff, JACK DUNIGAN, respectfully requests judgment be entered against Defendant, CENTRAL CREDIT SERVICES, LLC, for the following:

40. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

41. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

42. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 11, 2016      By: _____

Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@norcrosslawfirm.com
Attorney for Plaintiff